IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOHN ANDREW KISTER,** **#264274,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:20-cv-757-ECM-CWB |
| **AUNDRA JACKSON, et al.,** | ) ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.    Procedural Background

John Andrew Kister, acting *pro se*, brought this action under 42 U.S.C. § 1983 on the allegation that he received his legal mail in an untimely manner while incarcerated in the Residential Treatment Unit at Bullock Correctional Facility. (Doc. 1). For relief, he seeks "[a]n order making legal mail delivery Monday through Friday in the [Residential Treatment Unit] at [Bullock Correctional Facility]." (*Id*. at p. 5).

Named as defendants are Lieutenant Aundra Jackson, Warden Patrice Richie Jones, and Captain Ronald Carter, all of whom were employed at Bullock Correctional Facility at the time of the events at issue. (*Id*. at p. 3; *see also* Docs. 11 & 13). The defendants jointly filed an Answer and Special Report (Doc. 29), as well as their own sworn affidavits regarding Kister's claims (Docs. 29-1, 29-3, & 31-1). After reviewing the Answer and Special Report, the court directed Kister to file a written response supported by affidavits or other statements made under penalty of perjury. (Doc. 33). Kister thereafter filed a response (Doc. 34), a Brief in Support of Complaint (Doc. 35), a Declaration of Evidence (Doc. 36), and a motion seeking the production

of mail logs from the defendants (Doc. 38). The defendants produced the requested mail logs (Doc. 47), and Kister filed an additional response (Doc. 49).[1]

The parties were previously given notice that "the court may at any time [after expiration of the time for Kister to file a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment, and (2) after considering any response ..., rule on the dispositive motion in accordance with the law." (Doc. 33 at p. 3). Pursuant to that disclosure, the undersigned will now treat the defendants' Answer and Special Report as having presented arguments for summary judgment and will recommend that summary judgment be granted in favor of the defendants on all claims.

## II.  Legal Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party ... . [A fact] is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied that burden, the nonmovant is required to cite portions of the record showing a genuine dispute of material fact. *Id.* at 324. The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts."

---

[1] As will be addressed below, only one of Kister's filings—the Declaration of Evidence—is sworn or verified in accordance with 28 U.S.C. § 1746.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish a genuine dispute of material fact, the nonmovant must produce evidence such that a reasonable trier of fact could return a verdict in his favor.  *See Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

In determining whether a genuine dispute of material fact exists, the court must view all the evidence in a light most favorable to the nonmovant and draw all justifiable inferences from the evidence in the nonmovant's favor.  *See McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see also* Fed. R. Civ. P. 56(a).

### III. Relevant Facts[2]

The Complaint alleges that, beginning on September 2, 2020, Kister's "legal mail [was] not delivered in a timely manner" and that he "received mail where the postmark was almost 2 weeks prior" despite the mail being delivered from Montgomery County, which is adjacent to Bullock County.  (*Id*. at pp. 3-4).  It is also alleged that the general population section of Bullock Correctional Facility, which is located in a separate building, receives its legal mail Monday through Friday.  (*Id*.).[3]

In her sworn affidavit attached to the Answer and Special Report, Warden Jones avers that "[m]ail is distributed to all inmates in a timely manner barring any unforeseen circumstances that would prevent such at the given time.  Mail is picked up each morning by the mail clerk and

---

[2] The "facts" as set forth herein are merely for purposes of resolving summary judgment and may not be the actual facts.  *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("[W]hat we state as 'facts' … for purposes of reviewing the rulings on the summary judgment motion [] may not be the actual facts.") (citation omitted).

[3] Because Kister verified his Complaint in accordance with 28 U.S.C. § 1746, it constitutes admissible evidence on summary judgment.  *See, e.g., Walker v. Poveda*, 735 F. App'x 690 (11th Cir. 2018) ("[Plaintiff] verified his complaint … in accordance with 28 U.S.C. § 1746 by attesting to the truth of his factual assertions under penalty of perjury, and we have held that pleadings verified under § 1746 are admissible (and may substitute for sworn affidavits) on summary judgment.").

brought to the facility from the post office except for weekends and holidays." (Doc. 29-1 at p. 1). In his sworn affidavit, Captain Carter avers that "legal mail is issued upon delivery to the facility and sorted to the applicable recipient" and that he has "no knowledge of any legal mail being issued after two [weeks] of receipt at the facility." (*Id*.) In her sworn affidavit, Lieutenant Jackson avers that she has occasionally provided mail to Kister but otherwise has no knowledge regarding his claims. (Doc. 29-3 at p. 1).

In response to the Answer and Special Report, Kister provided several documents: (1) an inmate request slip he sent to the mailroom regarding his legal mail delivery (Doc. 36-1); (2) three envelopes from this court, one of which was postmarked August 20, 2020 and two of which were postmarked August 21, 2020, all of which he received on September 2, 2020 (Docs. 36-2, 36-3, & 36-4); (3) an envelope from the Eleventh Circuit Court of Appeals postmarked August 26, 2020, which he received on September 14, 2020 (Doc. 36-5); (4) an envelope from a law firm representing Kister in a separate civil case postmarked October 6, 2020, which he received on October 16, 2020 (Doc. 36-6); and (5) an envelope from the Board of Adjustment postmarked February 18, 2021, which he received on February 26, 2021 (Doc. 36-7).[4]

---

[4] Although Kister filed several documents responsive to the Answer and Special Report, only his "Declaration of Evidence" (Doc. 36) is properly verified in accordance with 28 U.S.C. § 1746. Thus, the court will not consider Kister's other filings (Docs. 34, 35, & 49). *See McCaskill v. Ray*, 279 F. App'x 913, 915 (11th Cir. 2008) (holding that the court should not have considered unsworn and unverified allegation in deciding summary judgment); *Grupo Rayco C.A. v. Delta Air Lines, Inc.*, No. 1:20-cv-1952, 2021 WL 1351859, at *9 n.3 (N.D. Ga. Mar. 16, 2021) ("By omitting the requisite language stating that the certification was made 'under penalty of perjury,' counsel has failed to substantially comply with [§ 1746]."). Moreover, as noted above, the defendants subsequently produced mail logs showing the legal mail Kister received from July 2020 to June 2021. (Doc. 47). Although the undersigned has reviewed that information, discussion of it is not warranted for purposes of deciding summary judgment.

**IV.     Discussion**

    **a.     Kister's sole request for injunctive relief is moot.**

For relief, Kister seeks only "[a]n order making legal mail delivery Monday through Friday in the RTU at BCF." (Doc. 1 at p. 5). In June of 2021, however, Kister was transferred from Bullock Correctional Facility to another institution. (Doc. 40). And in March of 2023, Kister was transferred to Bibb Correctional Facility (Doc. 52), where he remains incarcerated.[5]

"[A] prisoner's transfer or release from a correctional facility generally will moot his claims for injunctive relief in a § 1983 action." *Owens v. Centurion Med.*, 778 F. App'x 754, 758 (11th Cir. 2019) (citing *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (noting that, in this circumstance, there is no longer a "case or controversy once the inmate has been transferred") and *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.")). "Nor will there be any case or controversy when the chance of a prisoner's return to the offending facility is too speculative." *Owens*, 778 F. App'x at 759 (citing *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that a prisoner's claim for injunctive relief was moot since he was no longer being held in the jail with the conditions he had challenged and the risk of being sent back to that jail, and suffering from the threatened injury, was too speculative)).

Because Kister is no longer incarcerated at Bullock Correctional Facility, there is no reasonable expectation that the defendants might continue to deprive him of timely legal mail, and any effects of that alleged deprivation have been completely and irrevocably eradicated. *See Owens*, 778 F. App'x at 759 (citing *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979)). Any

---

[5] *See* http://doc.state.al.us/inmatesearch (last visited on April 21, 2023).

possibility that Kister might return in the future to Bullock Correctional Facility—let alone the Residential Treatment Unit—is entirely speculative. Kister's transfer to another correctional facility thus renders moot his request for injunctive relief. *See Owens*, 778 F. App'x at 759; *Spears*, 846 F.2d at 1328.

### b. Kister he did not suffer any injury.

Even if Kister's sole request for relief had not been mooted, he has failed to demonstrate a violation of his constitutional rights. Although the complaint does not specifically state what legal right Kister believes has been violated, based on his allegation that "legal mail can be time sensitive [sic]" (Doc. 1 at p. 4), the undersigned presumes that he intends to state a violation of his Fourteenth Amendment right of access to the courts.

"To bring an access to the courts claim, an inmate 'must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement.'" *Juiffre v. Broward Sheriff's Off.*, 717 F. App'x 886, 888 (11th Cir. 2017) (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998)). The impairment of any other "litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. "In order to show actual injury, a plaintiff must show 'deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.'" *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 850 (11th Cir. 2008) (quoting *Al–Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008)).

In this case, Kister has not identified <u>any</u> injury resulting from the dates on which he received his legal mail. He does not allege, nor provide any evidence to support, that he suffered a "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights

case" resulting from late legal mail.[6] *See Hall*, 302 F. App'x at 850 (quoting *Al-Amin*, 511 F.3d at 1332). Because he has not demonstrated an actual injury, he has failed to establish a genuine dispute of material fact as to any Fourteenth Amendment claim for access to the courts.

## V. Conclusion

For all of the reasons addressed above, the undersigned Magistrate Judge hereby **RECOMMENDS** as follows:

1. that the defendants' Answer and Special Report (Doc. 29) be construed as a motion for summary judgment; and

2. that summary judgment be granted in favor of all the defendants as to all claims.

It is **ORDERED** that any objections to this Recommendation must be filed by May 9, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[6] In his unsworn and unverified response to the Answer and Special Report, Kister acknowledges that he never "actually missed a deadline" due to late legal mail. (Doc. 34 at p. 1).

**DONE** this the 25th day of April 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**